# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| Whelthy McKune, | ) | Civil Action No. 8:17-189-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Dennis Bush, *Warden, Broad River Correctional Institution*, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Respondent's motion for summary judgment be granted and that the petition for habeas relief under 28 U.S.C. § 2254 be dismissed. For the reasons set forth below, the Court adopts the Report and Recommendation.

## I. Background

Petitioner is a prisoner at the South Carolina Department of Corrections Broad River Correctional Institution. Petitioner was indicted for first-degree burglary and criminal conspiracy in January 2004. The charges arose from a home burglary that resulted in the murder of a victim in the presence of this wife and children. Petitioner pleaded guilty and, on February 9, 2004, he was sentenced to life imprisonment. After exhausting direct and post-conviction relief ("PCR") review in state court, he timely filed the present petition for habeas relief under 28 U.S.C. § 2254 on January 20, 2017. Petitioner asserts two grounds for relief: (1) that his plea counsel was constitutionally ineffective in failing to enforce the terms of his plea agreement at sentencing, and (2) that his plea counsel was constitutionally ineffective in failing to respond properly to the prosecution's assertion at sentencing that Petitioner had entered the victim's home. On April 17,

2017, Respondent moved for summary judgment, which the Magistrate Judge recommended granting on October 4, 2017. Petitioner filed objections on October 18, 2017.

**II.    Legal Standard**

**A.    Report and Recommendation of the Magistrate Judge**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

**B.    Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## C. Habeas Corpus

### 1. *Standard for Relief*

Claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also White*, 134 S. Ct. at 1702 (stating that "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'") (quoting *Harrington*, 562 U.S. at 103).

Therefore, when reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and providing that "even clear error will not suffice") (internal quotation marks and citation omitted). Moreover, review of a state court decision does not require an opinion from the state court explaining its reasoning. *See Harrington* at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102. And state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## 2. *Ineffective Assistance of Counsel*

When claiming habeas relief due to ineffective assistance of counsel at trial, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must apply a "strong presumption" that trial counsel's representation fell within the "'wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787. This is a high standard, one in which a habeas petitioner alleging prejudice must show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would have been "reasonably likely" different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the Court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Id.* In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s 'deferential standards." *Id.*

Courts are reluctant to characterize tactical or strategic decisions by trial counsel as ineffective assistance. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). A "strong presumption"

exists that counsel's actions were the function of trial tactics and not "sheer neglect." *Harrington*, 131 S. Ct. at 790. This rule, however, is not absolute where the purported strategic decision is based upon an error or ignorance of the law by trial counsel. *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2nd Cir. 2009) (omissions based upon "oversight, carelessness, ineptitude or laziness" cannot be explained as "trial strategy"); *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007) (a strategic choice made without a professionally competent investigation of the Petitioner's options is "erected upon . . . a rotten foundation" and is not entitled to deference).

### III. Discussion

#### A. Ground One

In ground one, Petitioner asserts that his plea agreement required the prosecution not to oppose his request for a mandatory minimum sentence of fifteen years imprisonment, but that the prosecution violated that agreement when it presented victims at the sentencing hearing who requested a life sentence. Petitioner argues plea counsel was ineffective for not objecting to the victims' request or moving to withdraw the plea.

The sentencing transcript, however, conclusively shows the prosecutor did not recommend any sentence. (Dkt. No. 12-8 at 11.) The victims were not presented as witnesses under the prosecutor's examination, and their statements to the sentencing judge are not imputed to the prosecuting attorney. The victims addressed the sentencing court directly, which was their right under the South Carolina Constitution. S.C. Const. art. I, § 24 (providing crime victims the right to "be heard at any proceeding involving a post-arrest release decision, a plea, or sentencing"). Petitioner's plea agreement did not restrain his victims from speaking against him, and, even if it had purported to, neither plea counsel nor the solicitor nor the sentencing court had authority to prevent Petitioner's victims from addressing the court at sentencing.

The Magistrate Judge therefore recommends that the PCR court did not unreasonably apply federal law when it denied relief on the argument Petitioner asserts in ground one of his habeas petition. Petitioner objects to that recommendation on three bases. First, Petitioner argues the Magistrate Judge misinterpreted his argument to be that plea counsel failed to enforce a fifteen-year plea offer. That objection is baseless. The only discussion of any fifteen-year plea offer in the section discussing ground one is a statement in a block quote from the PCR court's opinion, stating that no such offer had ever existed. Second, Petitioner argues the Magistrate Judge failed to address Petitioner's "central" contention that the solicitor breached the plea agreement by failing to make an explicit statement to the sentencing court that the prosecution was taking no position on sentence. The Magistrate Judge perhaps did not explicitly address that argument, but that is unimportant because the plea transcript and sentencing transcript both conclusively refute it:

> [The Solicitor]: "He acted solely as the get-away driver, but under the law of accomplice liability the hand of one is the hand of all. He's responsible for the actions of each of his co-defendants and he's agreed to plead guilty to burglary in the first degree, criminal conspiracy with no recommendation as to sentencing."

(Dkt. No. 12-8 at 7 (plea transcript).)

> [The Solicitor]: " . . . I told [plea counsel] and [Petitioner] that he was pleading guilty to those charges straight up. He's looking at 15 years to life, whatever Your Honor gives him. I did tell him that I would let the Court know about his cooperation with the State both prior to and during trial."

(*Id.* at 11 (sentencing transcript) (capitalization modified).) Third, Petitioner argues the Magistrate Judge's determination that Petitioner failed to meet his burden of proof relies only on a "recitation of the record and a conclusory statement that Petitioner failed to meet his burden of proof." (Dkt. No. 21 at 3.) That objection is baseless. A conclusion supported by a recitation of the record

-7-

before the Court—more than five hundred pages in this case—is not "conclusory."[1] The Court therefore adopts the Report and Recommendation as to ground one.

**B.      Ground Two**

At the plea hearing, the solicitor informed the court that Petitioner acted solely as the get-away driver during the crime. (Dkt. No. 12-8 at 7.) At the sentencing hearing, however, the solicitor informed the court that there was testimonial and forensic evidence suggesting Petitioner may have kicked in the back door to the residence. (*Id.* at 11–13.) In ground two, Petitioner asserts that there was no forensic evidence and that plea counsel was ineffective for failing to take corrective action when the solicitor purportedly misstated the evidence at sentencing. The record, however, conclusively shows that plea counsel did contest the solicitor's assertion that Petitioner entered the burgled residence:

> Your Honor, as to him entering the house, he has always denied having anything to do with going in the house. He stayed in the car, other than going into a quick shop and getting some potato chips when this thing happened. The only person that says anything about him going in the house is [co-Defendant] Quincy McCoy.
>
> Your Honor's probably aware from the trial I was not there when Mr. McCoy testified, but I could tell from the numerous statements, inconsistent statements, that he gave that Mr. McCoy had a real problem with telling the truth. And I think that is one of the things that he has was not telling the truth about, and he is the only person. None of the victims, nothing else, indicates that [Petitioner] here went in the house. And so we were—we denied that and we have denied that.

(Dkt. No. 112-8 at 17 (capitalization modified).)

The Magistrate Judge therefore recommends that the PCR court did not unreasonably apply federal law when it denied relief on the argument Petitioner asserts in ground one of his habeas

---

[1] Petitioner also asserts that the Report and Recommendation "implicitly rejects the Petitioner's argument that the victim's widow's request for a life sentence violated the plea agreement." (Dkt. No. 21 at 2.) The Court disagrees. The Magistrate Judge's rejection of that meritless argument was explicit, as is the Court's rejection.

-8-

petition. Petitioner objects that the Report and Recommendation does not "expressly analyze defense counsel's performance." He also objects that the Magistrate Judge did not consider "the evidence that Petitioner did not enter the victim's home." But under 28 U.S.C. § 2254, the first-order subject of the Court's analysis is not defense counsel's performance in state court or the evidence against the defendant. *See Harrington*, 131 S. Ct. at 788. Instead, the Court analyzes the PCR court's ruling to determine whether it was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The Magistrate Judge determined the PCR court's rejection of the argument Petitioner raises in ground two was not an "unreasonable" conclusion of law or finding of fact because the record fully supports the determination that Petitioner failed to demonstrate either prong of *Strickland*. Plea counsel's performance at sentencing was not deficient because, as described above, plea counsel vigorously contested the prosecution's claim that Petitioner had entered the home. Further, Petitioner failed to show prejudice because he failed to show the allegation that he entered the home had any impact on his sentence. Indeed, the sentencing transcript makes it clear that sentencing judge was not impressed with the evidence that Petitioner entered the residence:

> The Court: "And let me ask: Mr. McKune was in the house or not in the house?"
>
> Mr. Swarat [the solicitor]: "The testimony by Quincy McCoy who is going to be sentenced in front of your honor tomorrow is that he did enter the house; yes, sir. Neither one of these ladies [the surviving victims] saw him during the crime."
>
> The Court: "Okay. I don't know how accurate that is then if it came from Mr. McCoy."
>
> Mr. Swarat: "It's corroborated by the forensic evidence, but, no, sir. You'd have to take Mr. McCoy's word for it."
>
> The Court: "He was the one that kept changing his story, wasn't he?"

Mr. Littlejohn [plea counsel]: "Yes, sir."

(Dkt. No. 12-8 at 14–15 (capitalization modified).) The Court therefore agrees with the Magistrate Judge's determination that the PCR court did not unreasonably apply federal law when it rejected the arguments now raised in ground two of the petition for habeas relief, and the Report and Recommendation as to ground two.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 20) as the Order of the Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 13), and **DISMISSES** the petition for habeas relief under 28 U.S.C. § 2254 (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

                                                  Richard Mark Gergel
                                                  United States District Court Judge

October 24, 2017
Charleston, South Carolina